IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT E. DOBBIN,                    )
                                     )
              Plaintiff,             )
                                     )
       v.                            )      1:13CV558
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security,                            )
                                     )
              Defendant.             )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff, Robert E. Dobbin brought this action pursuant to
Sections 205(g) and 1631(c)(3) of the Social Security Act (the
"Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to
obtain review of a final decision of the Commissioner of Social
Security denying his claims for Disability Insurance Benefits
("DIB") and Supplemental Security Income ("SSI") under Titles II
and XVI of the Act. The court has before it the certified
administrative record, cross-motions for judgment (Docs. 11,
15), and supplemental responses, (Docs. 19, 20), and this matter
is now ripe for adjudication.

After a careful consideration of the evidence of record,
the Decision of the Administrative Law Judge ("ALJ"), and the

governing legal standard, this court finds that remand is proper.

I.   **BACKGROUND**

Plaintiff filed applications for DIB and SSI in March 2010, alleging a disability onset date of June 2, 2009.  (Tr. at 233-45.)[1]  The applications were denied initially and again upon reconsideration. (Id. at 64-139, 144-79.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 177-79.)  Plaintiff, his attorney, and a vocational expert ("VE") attended the December 16, 2011 hearing. (Id. at 29-61.)  On July 14, 2011, the ALJ determined that Plaintiff was not disabled under the Act.  (Id. at 12-23.)

Specifically, the ALJ concluded that (1) Plaintiff had not worked during the relevant period; (2) Plaintiff's severe impairments included disease of the aortic valve, status post aortic valve and mitral valve replacement; chronic obstructive pulmonary disease ("COPD"); obstructive sleep apnea; depression; and periodic epileptic form spells of uncertain etiology; (3) Plaintiff did not meet or equal a listed impairment; (4) Plaintiff could perform medium work so long as he never climbed

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer.  (Doc. 7.)

- 2 -

ladders, scaffolds, and ropes; only occasionally climbed ramps
and stairs; only occasionally balanced; only frequently stooped,
kneeled, crouched, or crawled; avoided concentrated exposure to
dust, odors, fumes, gases, and poor ventilation; avoided
concentrated exposure to hazards like unprotected heights and
dangerous moving machinery; was limited to simple instructions
in a low stress environment, which meant no fast-paced
production, only simple work related decisions, few or no
changes in the work setting, and only superficial contact with
the public; and (5) Plaintiff was unable to perform any past
relevant work, but there were other jobs he could perform. (Tr.
at 14-22.) Plaintiff requested that the Appeals Council review
the ALJ's decision and on May 8, 2013, the Appeals Council
denied Plaintiff's request for review, making the ALJ's
determination the Commissioner's final decision for purposes of
review. (Id. at 1-6.)

## II.  **LEGAL STANDARD**

Federal law authorizes judicial review of the
Commissioner's denial of social security benefits.  42 U.S.C.
§ 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).
However, the scope of review of such a decision is "extremely
limited."  Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981).

- 3 -

"The courts are not to try the case de novo."  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).  Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard."  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)).  "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted).  "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence."  Hunter, 993 F.2d at 34 (internal quotation marks and citation omitted).

"In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]."  Mastro, 270 F.3d at 176 (quotation marks and

- 4 -

citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Hancock, 667 F.3d at 472 (internal quotation marks and citation omitted).

In undertaking this limited review, this court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981) (citations omitted). In this context, "disability" means "the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [his]

past relevant work; and (5) if not, could perform any other work in the national economy." Id. (citing 20 C.F.R. § 416.920(a)(4)).

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry.  For example, "[t]he first step determines whether the claimant is engaged in substantial gainful activity. If the claimant is working, benefits are denied.  The second step determines if the claimant is severely disabled.  If not, benefits are denied."  Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990)(internal quotations omitted).

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a listed impairment at step three, "the claimant is disabled.  Mastro, 270 F.3d at 177 (citations omitted). Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional

- 6 -

capacity ('RFC')." Id. at 179.[2]

Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. See id. at 179-80; Hancock, 667 F.3d at 472. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the [Government] to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." See Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs

---

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265 (citations omitted). "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63 (citation omitted).

- 7 -

available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567 (citation omitted).[3]

## III. **ANALYSIS**

Plaintiff raises the following issues. First, Plaintiff contends that "[t]he ALJ failed to consider information in the Notice of Decision from the North Carolina Department of Health and Human Services dated 02/05/10." (Pl.'s Mem. of Law in Supp. of Judgment on the Pleadings ("Pl.'s Br.") (Doc. 12) at 1.) Second, Plaintiff contends that the ALJ erred by improperly handling the medical opinions of two consultative examiners. (Id. at 2.) Third, Plaintiff raises two arguments contending that the ALJ erred in analyzing his credibility. (Id. at 3.) Fourth, Plaintiff contends that remand is proper so that the Commissioner can consider a subsequent social security decision finding him disabled. (Id. at 3-4.)

Moreover, upon review of the decision of the ALJ, it appeared to this court that the recent ruling of the United States Court of Appeals for the Fourth Circuit in Mascio v.

---

[3] A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five. See 20 C.F.R. § 404.1520.

<u>Colvin</u>, 780 F.3d 632 (4th Cir. 2015) may be applicable. Consequently, the court afforded the parties an opportunity to brief the impact, if any, of <u>Mascio</u> on the ALJ's analysis. (<u>See</u> February 17, 2016 Order (Doc. 18).) In that same Order, this court also sought further briefing on the impact, if any, of an award of disability insurance benefits as of March 6, 2012, the day after the ALJ in the instant matter denied Plaintiff benefits. (<u>Id.</u> at 4-5.) The court has received and reviewed the parties' initial briefings, the entire record, and all additional pleadings. For the reasons explained below, remand is in order.

### A.   <u>The February 5, 2010 NCDHHS Decision Requires Remand</u>

Under the regulations, disability decisions by other governmental agencies are not binding on the Social Security Administration ("SSA"). 20 C.F.R. §§ 404.1504, 416.904. Nevertheless, such disability determinations are "entitled to consideration by the Secretary." <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 n.1 (4th Cir. 1983); <u>Batchelor v. Colvin</u>, 962 F. Supp. 2d 864, 867 (E.D.N.C. 2013) (citation omitted); <u>Watson v. Astrue</u>, No. 5:08-CV-553-FL, 2009 WL 2423967, at *2 (E.D.N.C. Aug. 6, 2009). Social Security Ruling ("SSR") 06-03p identifies Medicaid decisions as other-agency evidence and specifies that

- 9 -

"the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." SSR 06-03p, 2006 WL 2329939, at *7 (Aug. 9, 2006).

On June 18, 2012, after the ALJ's March 5, 2012 decision but prior to the Appeals Council's May 8, 2013 denial of Plaintiff's request for further review, Plaintiff submitted to the Appeals Council a favorable Medicaid decision, dated February 5, 2010, from the North Carolina Department of Health and Human Services ("NCDHHS"). (Tr. at 1, 23, 316-20, 743.) It indicated that Plaintiff equaled the disability requirements (i.e., "20 CFR 416.920(f), Appendix (2) Vocational Rule 202.06") as of March 2009, which was a few months prior to the alleged disability onset date of June 2, 2009, in this case. (Tr. at 318, 233-45.) The Appeals Council "considered" the NCDHHS decision but "found that this information does not provide a basis for changing the Administrative Law Judge decision." (Tr. at 1-2.)

Although unartfully worded,[4] the gravamen of Plaintiff's argument is that when the Commissioner explained her findings, she had a duty to "state what weight, if any, [the NCDHHS decision was] given[.]" (Pl.'s Br. (Doc. 12) at 12.) This court agrees.

As an initial matter, it is true that the Appeals Council has no general regulatory duty to explain its reasoning when denying review of an ALJ decision. Meyer v. Astrue, 662 F.3d 700, 706 (4th Cir. 2011) (citations omitted). Nevertheless, this court must still be able to tell whether the ALJ's decision was based upon substantial evidence. Id. at 707 (citation omitted). This is because "assessing the probative value of competing evidence is quintessentially the role of the fact finder and this Court is not authorized to undertake the analysis in the first instance." Wilson-Coleman v. Colvin, No. 1:11CV726, 2013 WL 6018780, at *6 (M.D.N.C. Nov. 12, 2013)(internal citation omitted); see also Creekmore v. Colvin,

_____

[4] As the Commissioner correctly points out (Def.'s Mem. of Law in Supp. of the Commissioner's Decision ("Def.'s Br.") (Doc. 16) at 8-9), the NCDHHS decision was never before the ALJ, so the ALJ could not have discussed it, despite Plaintiff's protestations to the contrary. (Pl.'s Br. (Doc. 12) at 11-12.) Nevertheless, the court concludes that Plaintiff's argument on this point also logically implicates the Appeals Council's duty of explanation in certain cases to ensure that substantial evidence review is possible.

Civil Action No. 5:14-3019-RMG, 2015 WL 4771947, at *3 (D.S.C. Aug. 12, 2015) (citation omitted).

Here, there is unreconciled and material evidence in the form of a favorable NCDHHS disability determination applying the same rules and regulations applicable in this case. It is impossible to tell whether the ALJ's decision and the Appeals Council's review are based on substantial evidence because the record lacks an adequate explanation of the weight attributed to

the NCDHHS decision.  The court finds persuasive those cases

concluding that a remand is appropriate in these circumstances[5]

and will therefore order remand under sentence four of 42 U.S.C.

---

[5] See, e.g., Best v. Colvin, No. 4:13-CV-231-D, 2015 WL 400560, at *6 (E.D.N.C. Jan. 28, 2015) ("The Appeals Council, in denying review, indicates that 'the additional evidence listed on the enclosed Order of Appeals Council' was considered, which includes the DIPNC decision and supporting documents, but fails to explain the consideration given. The failure of the Commissioner to examine and explain the consideration given the DIPNC disability determination requires remand." (citation omitted)); Williams v. Colvin, No. 4:14-CV-40-FL, 2015 WL 73818, at *6 (E.D.N.C. Jan. 6, 2015) ("While the Appeals Council admitted the NCDHHS decision into evidence, the ALJ did not have the benefit of this material information at the time of his decision and the Appeals Council made no findings with regard to this newly admitted evidence in its order denying review." (citations omitted)); Whittington v. Colvin, No. 5:13-CV-243-FL, 2014 WL 3818302, at *8-9 (E.D.N.C. July 15, 2014) adopted, No. 5:13-CV-243-FL, 2014 WL 3828169 (E.D.N.C. Aug. 4, 2014); Allen v. Colvin, No. 2:12-CV-29-FL, 2013 WL 3983984, at *2 (E.D.N.C. Aug. 1, 2013); Herbert v. Colvin, No. 4:12-CV-141-D, 2013 WL 3776276, at *6 (E.D.N.C. July 17, 2013) (determining that "the absence of a general obligation by the Appeals Council to make findings does not insulate this case from remand"); Blount v. Astrue, No. 4:10-CV-97-D, 2011 WL 5038367, at *4-6 (E.D.N.C. Sept. 14, 2011) adopted, No. 4:10-CV-97-D, 2011 WL 5042063 (E.D.N.C. Oct. 24, 2011).

§ 405(g).[6] <u>See, e.g.</u>, <u>Martin v. Colvin</u>, No. 5:13-CV-718-D, 2015 WL 1413428, at *2-3 (E.D.N.C. Mar. 26, 2015) (remanding under sentence four of 42 U.S.C. 405(g)); <u>Tanner v. Astrue</u>, No. 5:10CV084, 2012 WL 1069161, at *6 (W.D. Va. Mar. 29, 2012) ("As all evidence before the court has been incorporated into the

---

[6] Any argument that the NCDHHS decision is too conclusory to warrant meaningful review and explanation is also unpersuasive. (Def.'s Br. (Doc. 16) at 8-9.) <u>See, e.g.</u>, <u>Gaskins v. Colvin</u>, No. 3:12-CV-81, 2013 WL 3148717, at *3-4 (N.D.W. Va. June 19, 2013) (holding that even if the evidence of the Medicaid decision is "conclusory," "the Social Security Administration's own internal policy interpretation rulings affirmatively require[ ] the ALJ to consider evidence of a disability decision by another governmental agency," and these regulations "do not limit the required review of other agency's disability determinations to cases where the decision is substantive" because "to the extent that Medicaid decisions employ the same standards as the Social Security Administration uses in disability determinations, such decisions are probative in situations such as the instant one where an agency has applied the same rules yet reached the opposite result from the Social Security Administration" (internal quotations, brackets, and citations omitted)).

- 14 -

record, even the new evidence presented to the Appeals Council, sentence six is inapplicable to the case at bar.").[7]

## B. **The December 2013 Social Security Disability Decision Requires Remand**

In addition to the NCDHHS decision indicating that Plaintiff was disabled, Plaintiff has also submitted a determination from the SSA indicating that he was disabled. (Status Report, Ex. 1, SSA Explanation of Determination ("SSA Explanation of Determination") (Doc. 17-1).) Plaintiff contends

---

[7] Defendant also contends that the NCDHHS decision is non-final. (Def.'s Br. (Doc. 16) at 8-9.) However, the February 5, 2010 decision itself indicates that it became final in ten days unless appealed by a party. (Tr. at 318.) There are also a number of instances in the record, more than ten days after the NCDHHS decision was issued, indicating that Plaintiff was covered by Medicaid. (Id. at 579 (showing coverage on 3/25/2010); 665 (showing coverage on 7/11/2010); 689 (showing coverage on 8/29/2010)); see also Nixon v. Colvin, No. 7:12-CV-115-BO, 2013 WL 3924073, at *3 (E.D.N.C. July 29, 2013) ("Counsel argues that this lack of consideration is justified either by the alleged 'tentative' nature of the NCDHHS decision or the letter's inclusion of the following statement: 'This decision in no way affects any pending or future claims for Social Security or Supplemental Security Income benefits.' First, although the tentative nature of a Medicaid decision may influence the weight given to it by the ALJ, it does not support the ALJ's complete ignorance of it. Second, the Medicaid Notice of Decision is written in such a way as to prevent confusion among claimants. The statement regarding its lack of effect on social security decisions has no legal effect, but serves to prevent claimant's [sic] from believing that the notice resolves both their Medicaid and Social Security claims. In failing to consider the Medicaid finding, ALJ Vogel erred and failed to comply with Social Security Ruling 06-03p.").

- 15 -

that this determination also warrants a remand, because it is new and material evidence requiring further consideration by an ALJ. (See Pl.'s Br. (Doc. 12) at 19-20; Pl.'s Suppl. Br. in Response to the Court's Order ("Pl.'s Suppl. Br.")(Doc. 20) at 9-12.) For the following reasons, the court agrees.

As the Fourth Circuit Court of Appeals recently reiterated:

Sentence six of 42 U.S.C. § 405(g) provides that a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Accordingly, we have recognized four requirements that a claimant seeking a sentence six remand must satisfy. First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (citing Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). Second, the claimant must establish that the evidence is material, in that the Commissioner's decision "'might reasonably have been different' had the new evidence been before her." Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). Third, the claimant must show that good cause exists for her failure to present the evidence earlier. Id. And fourth, the claimant must present to the reviewing court "'at least a general showing of the nature' of the new evidence." Id. (quoting King, 599 F.2d at 599). In assessing whether the claimant has made these requisite showings, however, "[t]his Court does not find facts or try the case de novo." King, 599 F.2d at 599 (citing Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971)).

- 16 -

<u>Finney v. Colvin</u>, 637 Fed. Appx. 711, 715-16 (4th Cir. 2016).[8]

### C. **The December 2013 Decision is New**

Here, the December 4, 2013 decision awarding benefits is new.  Neither that decision nor any other decision finding Plaintiff to be disabled was before the ALJ or the Appeals Council.[9]  The December 2013 decision is therefore neither cumulative nor duplicative.

---

[8] The role of the four-part test in current legal precedent was persuasively described in <u>Smith v. Colvin</u>, Civil Action No. 8:15-cv-01093-RBH-JDA, 2016 WL 3102122 (D.S.C. May 13, 2016) (report and recommendation of Magistrate Judge), as follows:

> Though the court in <u>Wilkins</u> indicated in a parenthetical that the four-part test set forth in <u>Borders</u> had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in <u>Borders</u> when evaluating a claim for remand based on new evidence. <u>See, e.g.</u>, <u>Brooks v. Astrue</u>, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); <u>Ashton v. Astrue</u>, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); <u>Washington v. Comm'r of Soc. Sec.</u>, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); <u>Brock v. Sec'y of Health & Human Servs.</u>, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme Court of the United States has not suggested <u>Borders</u>' construction of § 405(g) is incorrect. <u>See</u> <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent <u>Borders</u> inquiry.

<u>Smith</u>, 2016 WL 3102122, at *3 n.4.

[9] As noted, the Appeals Council did have before it a state agency decision indicating that Plaintiff was disabled.

The court recognizes that there are decisions holding that subsequent disability determinations, as opposed to the evidence underlying them, do not constitute "new evidence" within the meaning of sentence six. See, e.g., Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 654 (6th Cir. 2009). But the Fourth Circuit has held that "SSA directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies" and that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) (internal quotation marks and citations omitted). "[I]f a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence." Outlaw v. Colvin, 5:11–CV–647–FL, 2013 WL 1309372, at *3 (E.D.N.C. Mar. 28, 2013); see also Bryant v. Astrue, No. 7:11–CV–54–D, 2012 WL 896147, at *2 (E.D.N.C. Mar. 15, 2012) ("The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit

have found remand appropriate on materially indistinguishable facts.").

Language in the relatively recent *per curiam* decision by the Fourth Circuit in <u>Baker v. Comm'r of Soc. Sec.</u> does not dictate a contrary result. No. 12–1709, 2013 WL 1866936 (4th Cir. May 6, 2013). A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of supplemental security income and disability insurance benefits, merely quotes and relies on the principle from <u>Allen</u> that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" <u>Id.</u> at *1 n* (quoting <u>Allen</u>, 561 F.2d at 653). This court declines to follow <u>Baker</u> in this case because (1) <u>Baker</u> is unreported and therefore not binding precedent; (2) <u>Baker</u> does not address the Fourth Circuit's published and therefore binding opinion in <u>Bird</u>; and (3) <u>Baker</u> is factually distinguishable from this case in that the plaintiff in <u>Baker</u> did not, as here and explained below, meet the "burden of showing that evidence relied upon in

reaching the favorable decision pertains to the period under

consideration." Id.[10]

D. **The December 2013 Decision is Material**

The court also finds that the December 2013 decision is

material. The decision of the ALJ in this case found that

---

[10] This distinction has been found persuasive in a number of
cases, which have declined to follow Baker over Bird. See
Pulley v. Colvin, No. 4:11-CV-85-FL, 2013 WL 2356124, at *5 n.2
(E.D.N.C. May 29, 2013) ("Baker, however, does not address the
above-cited language from Bird. Absent further clarification by
the Fourth Circuit, the court finds Bird controlling on the
issue of whether a subsequent favorable decision itself may
constitute new evidence."); see also Woodall v. Colvin, No.
5:12-CV-357-D, 2013 WL 4068142, at *6 (E.D.N.C. Aug. 12, 2013);
Whittington v. Colvin, No. 5:13-cv-243-FL, 2014 WL 3818302, at
*6 adopted, 2014 WL 3828169 (E.D.N.C. Aug. 4, 2014).

On the other hand, several other cases have found Baker
persuasive. See, e.g., Mannon v. Colvin, No. 3:12cv07725, 2013
WL 5770524, at *17-19 (S.D.W. Va. Oct. 24, 2013); Fallon v.
Colvin, No. 2:12cv423, 2013 WL 5423845, at *12 (E.D. Va.
Sept. 26, 2013); Dickens v. Comm'r of Soc. Sec., Civ. No. SAG-
12-3708, 2013 WL 5340921, at *3-4 (D. Md. Sept. 20, 2013).

While this court has favorably applied Baker in the past,
it did so without addressing Bird. See, e.g., Jaynes v. Colvin,
No. 1:12CV168, 2014 WL 3109243, at *5 (M.D.N.C. July 8, 2014)
adopted, 2015 WL 1387956 (M.D.N.C. Mar. 25, 2015). The division
described above also reflects a circuit split on this issue.
See Hunter v. Soc. Sec. Admin., Comm'r, 808 F.3d 818, 821-22
(11th Cir. 2015) (framing the split as between Luna v. Astrue,
623 F.3d 1032, 1034-35 (9th Cir. 2010) from the Ninth Circuit
and Allen v. Comm'r of Soc. Sec., 561 F.3d 646 (6th Cir.2009),
from the Sixth Circuit, and then holding that the Sixth
Circuit's analysis is the proper avenue). Absent further
clarification by the Fourth Circuit, however, the court finds
Bird controlling on the issue of whether a subsequent favorable
decision itself may constitute new evidence.

Plaintiff was not disabled as of March 5, 2012 (Tr. at 22-23)
and the subsequent decision found that Plaintiff was disabled as
of March 6, 2012. (See SSA Explanation of Determination (Doc.
17-1) at 1.) The gap between the two decisions, therefore, is
only one day. "Remand has been found . . . to be warranted when
there is little or no intervening gap between a denial of
disability and a finding of disability."[11] Tomsich v. Colvin,

---

[11] See also Pulley, 2013 WL 2356124, at *4 ("This court in
prior decisions has remanded on the same basis presented here,
where the Social Security Administration finds the claimant
disabled in a period commencing within the same month after the
first ALJ's denial of disability." (collecting cases));
Kirkpatrick v. Colvin, No. 5:12-CV-263-D, 2013 WL 1881315, at *2
(E.D.N.C. May 6, 2013); Outlaw, 2013 WL 1309372, at *2-3 ("[A]
subsequent decision finding disability commencing one day after
the prior denial of disability calls into question whether all
relevant impairments properly were considered in the prior
determination."); Laney v. Astrue, No. 7:10-CV-174-FL, 2011 WL
6046312, at *2 (E.D.N.C. Dec. 5, 2011); Smith v. Astrue, No.
5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. Sept. 2, 2011)
("The finding of disability commencing only four days after the
denial of disability is new and material evidence, and . . .
calls into question whether all material evidence was considered
in the former determination."); Hayes v. Astrue, 488 F. Supp. 2d
560, 561 (W.D. Va. 2007) ("[W]here a second social security
application finds a disability commencing at or near the time a
decision on a previous application found no such disability, the
subsequent finding of a disability may constitute new and
material evidence.").

No. 7:13-CV-85-D, 2014 WL 3546546, at *6 (E.D.N.C. July 17, 2014).[12]

Moreover, the impairments that are the basis of the finding of disability in the December 2013 decision substantially overlap those at issue in the instant decision. See Kirkpatrick, 2013 WL 1881315, at *2 ("The [subsequent] disability decision relates to the period of the ALJ's decision in this case because the severe impairments (and by extension the medical evidence) overlap."). Specifically, in both cases, Plaintiff's heart condition, seizures, and shortness of breath were severe conditions. (See Tr. at 14; SSA Explanation of Determination (Doc. 17-1) at 1.) Additionally, non-examining state agency physicians in this case opined that Plaintiff came "very close" to meeting a listing (i.e., Listing 3.02) for a disabling pulmonary disorder based on his forced expiratory

---

[12] As indicated, this position has not been universally accepted within the circuit. See, e.g., Atkinson v. Astrue, No. 5:10-CV-298-FL, 2011 WL 3664346, at *17 (E.D.N.C. July 20, 2011) (collecting cases examining various approaches to this issue and determining that exclusive reliance on a subsequent award does not establish the existence of new and material evidence) adopted, 2011 WL 3664858 (E.D.N.C. Aug. 18, 2011); Johnson v. Astrue, No. 3:09-2458-JMC-JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010) (relying on Allen and holding that a subsequent favorable decision alone does not merit remand). Nevertheless, for the reasons set forth above, the court does not find this line of case law applicable here.

volume. (Tr. at 76, 129.)  The ALJ gave this opinion "great weight" (Id. at 20-21), which suggests that Plaintiff was "very close" to disability even before the December 2013 decision is considered.  Consequently, that decision, indicating that Plaintiff was disabled the day after the decision in the instant was rendered, likely bears on the resolution of the instant case.  For all these reasons, the subsequent decision is material.

### E. Plaintiff has Demonstrated Good Cause and a Showing of the Relevant Evidence

Last, the third and fourth requirements of good cause and a showing of the relevant evidence are both met here.  Plaintiff could not have submitted the December 2013 decision to the ALJ or the Appeals Council in this case because, at the time of the ALJ's March 2012 decision and the Appeals Council's May 2013 determination, the December 2013 decision awarding benefits did not yet exist. See Brunson v. Colvin, No. 5:11-CV-591-FL, 2013 WL 1332498, at *3 (E.D.N.C. Mar. 29, 2013) (finding good cause where the subsequent decision was issued after the date of Appeals Council's denial of review in the instant case). Plaintiff has now submitted the December 2013 decision.  The court therefore concludes both elements are met.

**F.  The Commissioner's Arguments Are Unpersuasive**

The Commissioner's arguments to the contrary are not persuasive.  The Commissioner points to the holding in <u>Baker</u> and asks this court to follow it.  (Def.'s Br. (Doc. 16) at 17-18; Def.'s Suppl. Br. in Resp. to the Court's Order ("Def.'s Suppl. Br.") (Doc. 19) at 9-10.)  However, as explained above, that case is unpublished, does not address relevant and published Fourth Circuit case law (<u>i.e.</u>, <u>Bird</u>), and is factually distinguishable from the case at hand.  <u>See also</u> <u>Brunson</u>, 2013 WL 1332498, at *3 ("[D]efendant contends that there is 'no actual accompanying evidence' for the Commissioner to analyze related to the time period in this case. (Obj.4) This argument misses the point, however, that the new disability decision by the Commissioner, for the period commencing in the same month as the prior ALJ decision, is itself 'evidence of a claimant's condition" which the Commissioner must consider.'" (citing <u>Bird</u>, 699 F.3d at 343)).

The Commissioner also contends that the December 2013 decision is not material.  (Def.'s Suppl. Br. (Doc. 19) at 10.) As explained, however, given the overlapping nature of the severe impairments (and therefore the medical evidence) in question, the extremely short interval between the denial of

benefits in this case, and the award of benefits one day later in a subsequent proceeding, this court has concluded that the new decision is material.

**G.    Remand Is Proper**

Beyond this, the court notes the following.  The December 2013 decision awarding benefits states that:

> While [Plaintiff] feels that his condition was disabling on 06/03/2009, the medical evidence does not show the condition to be disabling until March 2012. The records show that he cannot be considered disabled prior to the date of his final Administrative Law Judge decision; in this case, that was on 03/05/2012.

> Therefore, based on all of the medical and non-medical evidence, we have found 03/06/2012 to be the date disability began.

> The Albright[13] court case decision was applied in deciding this case.  This means that the prior Administrative Law Judge decision has been reviewed and evaluated as evidence.  The findings of the ALJ have been weighted accordingly in making the decision on the current claim.  The decision on the prior claim may or may not be the same as the decision on the current claim once all evidence has been considered.

(SSA Explanation of Determination (Doc. 17-1) at 1.)

The favorable determination states that "the medical evidence does not show the condition to be disabling until March

---

[13] Under Albright, an ALJ must consider a prior ALJ's findings and give them appropriate weight under all the relevant facts and circumstances.  Albright v. Comm'r, 174 F.3d 473, 477-78 (4th Cir. 1999).

2012." (Id.) At the same time, however, it states in the same paragraph, Plaintiff "cannot be considered disabled prior to the date of his final Administrative Law Judge decision; in this case that was on 03/05/2012." (Id.) It would appear, therefore, that the date of disability determined in the subsequent decision was administratively set by the SSA. Moreover, the December 2013 decision specifically contemplates further review of the ALJ's instant decision, because the December 2013 decision also states, "The decision of the prior claim may or may not be the same as the decision on the current claim once all evidence has been considered." (Id. (emphasis added)). These reasons all support this court's conclusion that remand is in order.

Upon remand, the Commissioner is free to make a determination consistent with the first ALJ's decision, if consideration of all the evidence still supports that conclusion. See 42 U.S.C. § 405(g). But, as with the NCDHHS decision, some explanation must be provided to explain the apparent discrepancy in outcomes. Cf. Smith v. Heckler, 782 F.2d 1176, 1182 (4th Cir. 1986) ("The inconsistency must be explained."). This court declines to resolve the other issues raised in the parties' pleadings at this time. See, e.g., Jones

<u>v. Colvin</u>, No. 5:12-CV-787-FL, 2014 WL 2988270, at *4 (E.D.N.C. July 2, 2014) (declining to consider the parties' additional pending argument in light of sentence six remand).[14]

## IV. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is **GRANTED** and that Defendant's Motion for Judgment on the Pleadings (Doc. 15) is **DENIED**. This case is remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings relating to the NCDHHS determination. This case is also remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g) to permit the Commissioner to consider the subsequent decision providing benefits.

---

[14] This court notes, however, that the ALJ here used boilerplate language in assessing Plaintiff's credibility that was held to be improper in <u>Mascio v. Colvin</u>, 780 F.3d 632, 639 (4th Cir. 2015). (Tr. at 19.) The court notes further that the ALJ also gave "great weight" to the medical opinion of a consulting examiner, Clyde A. Collins, but did not appear, at least facially, to include all of Collins' proposed limitations in the RFC. (Tr. at 18, 20, 359.) Because remand is proper for reasons described above, the court need not definitely resolve these matters at this point.

This the 10th day of August, 2016.

_____
                United States District Judge